IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBIN ETHINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-915-GPM |
| | ) |
| PROTESTANT MEMORIAL MEDICAL CENTER, INC., | ) ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Court, on its own motion, has reviewed the notice of removal and complaint in the present case to determine whether it has subject matter jurisdiction. Under Federal Rule of Civil Procedure 12(h)(3), this Court is obligated to review its own jurisdiction *sua sponte*. *See Hammes v. AAMCO Transmissions, Inc.,* 33 F.3d 774, 778 (7th Cir. 1994) ("[T]he court has an independent duty to satisfy itself that it has subject-matter jurisdiction.") The Court finds that Defendant Protestant Memorial Medical Center, Inc.'s ("Memorial") jurisdictional basis for removal is insufficient, and consequently orders this action remanded.

In its notice of removal, Memorial asserts that this Court has original jurisdiction because "Plaintiff is suing Memorial under the Family Medical Leave Act," so her claims constitute a federal question under 28 U.S.C. § 1331 (Doc. 2 at ¶ 7, 11). Memorial pleads that "Plaintiff is alleging that she exercised her FMLA rights by taking a leave of absence and [suffering] an adverse employment action" (Doc. 2 at ¶ 10).

"Federal courts are obliged to inquire *sua sponte* wherever the propriety of the removal of a claim to federal court is in question." *Voelker v. Porsche Cars North America, Inc.,* 353 F.3d 516, 521 (7th Cir. 2003). "To determine the presence or absence of federal question jurisdiction, we generally look no further than the allegations contained in the plaintiff's 'well-pleaded complaint.'" *Application of County Collector of County of Winnebago, Ill.,* 96 F.3d 890, 895 (7th Cir. 1996). The complaint itself establishes whether or not a federal question is implicated. *See Franchise Tax Bd. V. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10-11 (1983); *Hart v. Wal-Mart Stores Inc., Associates' Health and Welfare Plan,* 360 F.3d 674 (7th Cir. 2004). "The paramount policies embodied in the well-pleaded complaint rule [are] that the plaintiff is master of the complaint…and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 398-99 (1987).

Here, Plaintiff Robin Ethington's state law complaint alleges wrongful discharge and intentional infliction of emotional distress. Her wrongful discharge count alleges that her termination was in retaliation for refusing to "share gossip information with a supervisor," and for taking "an emergency leave guaranteed to her under law when her granddaughter became suddenly ill" (Doc. 3 at ¶ 6, 7). Nowhere in her complaint does she mention the Family Medical Leave Act, or any federal law or right. While it is true that "where Congress has completely preempted a given area of state law, a plaintiff's state law claim will be 'recharacterized' as a federal claim so that removal becomes proper," nowhere in its notice of removal does Memorial argue that Ms. Ethington's claims are preempted. *Hart* 360 F.3d at 678, *citing Avco Corp v. Aero Lodge No. 735 Int'l Ass'n of Machinists and Aerospace Workers,* 390 U.S. 557, 560 (1968). Ms. Ethington's complaint does not specify under what law she was guaranteed emergency leave. This is simply not

enough to establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.* 463 U.S. at 27-28. The "mere incantation of a federal statute does not confer jurisdiction." *Minor v. Prudential Securities, Inc.,* 94 F.3d 1103, 1105 (7th Cir. 1996). Here, Defendant states that Ms. Ethington "is suing Memorial under the Family Medical Leave Act" (Doc. 2 at ¶ 7). This is neither accurate, nor is their unsupported classification of her claims enough to establish federal question jurisdiction.

Defendant has failed to demonstrate the existence of federal subject matter jurisdiction. Accordingly, this action is **REMANDED** *sua sponte* to the Twentieth Judicial Circuit, St. Clair County, Illinois, pursuant to 28 U.S.C. § 1447(c) for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED: 01/05/2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge